LIPSON NEILSON P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500/FAX (702) 382-1512
jgarin@lipsonneilson.com

RIVKIN RADLER LLP
MICHAEL A. TROISI, ESQ. (*Pro Hac Vice Pending*)
BRIAN L. BANK, ESQ. (*Pro Hac Vice Pending*)
926 RXR Plaza
Uniondale, NY 11556-0926
(516) 357-3000/FAX (516) 357-3333
Michael.Troisi@rivkin.com
Brian.Bank@rivkin.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PROJECT LION LLC, d/b/a CRUSH d/b/a GREEK SNEEK, PROJECT M LLC d/b/a LA COMIDA, and PROJECT W LLC, d/b/a LA CAVE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BADGER MUTUAL INSURANCE COMPANY<br><br>Defendant. | Case No.: 2:20-cv-00768-JAD-VCF<br><br>**DEFENDANT BADGER MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS PROJECT LION LLC, PROJECT M LLC, AND PROJECT W LLC'S COMPLAINT** |

Defendant BADGER MUTUAL INSURANCE COMPANY ("Badger"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court for an order dismissing Plaintiffs PROJECT LION LLC, d/b/a CRUSH d/b/a GREEK SNEEK, PROJECT M LLC d/b/a LA COMIDA, and PROJECT W LLC, d/b/a LA CAVE's Complaint in its entirety for failure to state a claim upon which relief can be granted. In further support of this motion, Badger respectfully refers the Court to the attached Memorandum of Points and Authorities, which is adopted and incorporated as if fully set

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

forth herein, and respectfully requests that this Court dismiss all claims brought against

Badger for failure to state a claim upon which relief can be granted.

DATED this 26th day of May, 2020.

LIPSON NEILSON P.C.

By:_____
JOSEPH P. GARIN , ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

RIVKIN RADLER LLP
MICHAEL A. TROISI, ESQ. (*Pro Hac Vice Pending*)
BRIAN L. BANK, ESQ. (*Pro Hac Vice Pending*)
926 RXR Plaza
Uniondale, NY 11556-0926

*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant Badger Mutual Insurance Company ("Badger") respectfully submits this Memorandum of Points and Authorities in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of Plaintiffs Project Lion, LLC, d/b/a Crush d/b/a Greek Sneek ("Crush"), Project M LLC d/b/a La Comida ("La Comida"), and Project W LLC d/b/a La Cave ("La Cave")'s (collectively, "Plaintiffs") Complaint in its entirety.

In this action, Plaintiffs, individually and on behalf of a putative class of others similarly situated, sue Badger for anticipatory breach of their commercial property insurance policies on the basis that they expect Badger to deny coverage of their business interruption and extra expense losses purportedly stemming from the COVID-19 pandemic. Remarkably, however, none of the named Plaintiffs ever submitted a claim to Badger for such coverages and, as such, each of them has failed to satisfy a

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

material condition precedent to bringing this suit, thus entitling Badger to dismissal of their claims.

Furthermore, even if these Plaintiffs had properly notified Badger of their losses, as their respective policies expressly required, Badger would nonetheless be entitled to dismissal of the Complaint because it is devoid of any factual allegations that Badger engaged in conduct indicating that Badger would not or could not substantially perform its duties under the policies, as is required under Nevada law to state a claim for anticipatory breach of contract.

Finally, Plaintiffs' claims for declaratory judgment also must be dismissed because the Declaratory Judgment Act only creates a remedy and does not give rise to new substantive rights.  Since Plaintiffs' underlying claims for anticipatory breach of contract fail for the reasons set forth herein, Plaintiffs' attendant claims for declaratory judgment also necessarily fail.

As such, and for the reasons discussed in more detail below, Badger respectfully requests that this Court issue an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint in its entirety, along with such other and further relief as the Court deems just and proper.

## BACKGROUND

The following statement of facts is based upon the allegations set forth in the Complaint, which are treated as true solely for the purposes of this motion.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007).  Badger does not concede in any respect the truth or accuracy of Plaintiffs' allegations and rejects Plaintiffs' "conclusory statements" and "threadbare recitals" of the elements of their alleged claims.  See id.

On April 28, 2020, Plaintiffs filed the Complaint on behalf of themselves individually and all other persons similarly situated, including a so-called "Nationwide Class" and a "Nevada Subclass" of Badger insureds, asserting that the Badger insurance policies at issue are "all risk commercial insurance policies" under which Badger was paid premiums in exchange for its promise to pay Plaintiffs' and the other

putative class members' losses for claims covered by the policies.  <u>See</u> Joseph P. Garin Decl., Ex. A, at ¶¶ 32, 83.   Specifically, under the business interruption coverage, Badger agreed to pay for its insureds' actual loss of Business Income sustained due to the necessary suspension or interruption of operations during the "period of restoration" caused by direct physical loss or damage.  <u>See</u> Garin Decl., Ex. A, at ¶¶ 84-85.   Under the Extra Expense coverage, Badger agreed to pay for its insureds' necessary Extra Expense incurred during the "period of restoration" that the insureds would not have incurred if there had been no direct physical loss or damage to the described premises. <u>See</u> Garin Decl., Ex. A, at ¶ 102.   "Extra Expense" is defined under the policy as expenses to "avoid or minimize the suspension of business and to continue operations," and to repair or replace property. <u>See</u> Garin Decl., Ex. A, at ¶ 39.

Importantly, the policies also provide for the following terms and conditions:

**COMMERCIAL PROPERTY COVERAGE CONDITIONS**

\* \* \*

**Terms** means all provisions, limitations, exclusions, conditions, and definitions that apply.

\* \* \*

10. **Suit Against Us--** No suit to recover any loss may be brought against **us** unless:

a. the **terms** of the Commercial Property Coverage have been fully complied with; and

b. the suit is commenced within two years after the loss.

\* \* \*

**WHAT MUST BE DONE IN CASE OF LOSS**

**Notice**-- In case of a loss, you must:

a. give us or our agent prompt notice including a description of the property involved (we may request written notice) . . . .

**Protect Property** -- You must take all reasonable steps to protect covered property at and after an insured loss to avoid further loss. We pay the reasonable costs incurred by you for

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

necessary repairs or emergency measures performed solely to protect covered property from further damage by a covered peril if a covered peril has already caused a loss to covered property. . .

**Proof of Loss** . . .

**Examination Under Oath** . . .

**Records**-- You must produce records, including tax returns and bank microfilms of all cancelled checks, relating to value, loss and expense and permit copies and extracts to be made of them as often as we reasonably request.

**Damaged Property**-- You must exhibit the damaged and undamaged property as often as we reasonably request and allow us to inspect or take samples of the property . . .

**Cooperation**-- You must cooperate in performing all acts required by the Commercial Property Coverage.

See Garin Decl., Ex. "B" at pp. 24, 37; Ex. "C" at pages 23, 35; Ex. "D" at pp. 26, 33.

Plaintiffs further allege that Badger "has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms" by "wrongfully and illegally refus[ing] to provide coverage" for claims related to COVID-19 "on a uniform and class-wide basis, without individual bases or investigations," despite Plaintiffs' and the other putative class members' purported compliance "with all applicable provisions of the Policies." See Garin Decl., Ex. A at ¶ 77.

The Complaint asserts four causes of action: two claims for declaratory judgment declaring that (i) the policies provide coverage for Plaintiffs' and the other putative class members' business income and extra expense losses stemming from the COVID-19 pandemic, and (ii) Badger is obligated to pay Plaintiffs and the other putative class members for such losses; and two claims for anticipatory breach of contract based on Badger's purported "uniform and class-wide" denial of coverage for business interruption and extra expense claims "arising from or relating to the COVID-19 pandemic without investigation into the individual circumstances of the claim." See Garin Decl., Ex. A at ¶¶ 74-107.

1
2
3
4

     Remarkably, despite containing over 100 paragraphs spanning twenty-four pages, the Complaint does not contain a single factual allegation that any of the Plaintiffs tendered a claim to Badger for business interruption or extra expense coverage, or that Badger denied any such claim.

## STANDARD OF LAW

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

     Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  See North Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007).  While the court must accept as true all well-pleaded factual allegations, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  "The court need not credit 'mere conclusory statements' or 'threadbare recitals of the elements of a cause of action.'" Iqbal, 556 U.S. at 678, 681 (citing Twombly, 550 U.S., at 555).  Thus, a court should dismiss a claim where the factual allegations do not sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

22
23
24
25
26
27
28

     Generally, a district court may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion, however, material which is properly submitted as part of the complaint may be considered on a motion to dismiss.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

converting the motion to dismiss into a motion for summary judgment.  <u>See</u> <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994).

## ARGUMENT

### A.   Plaintiffs Failed to Comply with a Condition Precedent under the Policies, and Are Thus Barred from Bringing Suit against Badger

Under Nevada law, "[a]n insurance policy is a contract that must be enforced according to its terms to accomplish the intent of the parties."  <u>Farmers Ins. Exch. v. Neal</u>, 64 P.3d 472, 473 (Nev. 2003).  If an insurance policy is unambiguous, then the court interprets it according to the plain meaning of its terms.  <u>See</u> <u>Century Sur. Co. v. Casino W., Inc</u>., 329 P.3d 614, 617 (Nev. 2014).

Nevada law enforces insurance policy provisions that preclude an insured from bringing suit until the insured has fully complied with any contractual obligations under the policy.  <u>See</u> <u>Holland v. State Farm Mut. Auto. Ins. Co</u>., No. 2:12-cv-01058, 2014 WL 1268712, at *5 (D. Nev. Mar. 27, 2014) (citing <u>Keys v. State Farm Mutual Auto. Ins. Co</u>., No. 2:12-cv-1181, 2013 WL 3198397, at * 4 (D. Nev. June 21, 2013)).  When an insurance policy explicitly makes compliance with a term in the policy a condition precedent, the insured bears the burden of establishing compliance with that term.  <u>See</u> <u>Las Vegas Metro. Police Dep't v. Coregis Ins. Co</u>., 25 P.3d 958 (Nev. 2011) (citing <u>Ins. Co. v. Cassinelli</u>, 216 P.2d 606, 615 (Nev. 1950)); <u>Lucini-Parish Ins. v. Buck</u>, 836 P.2d 627, 629 (Nev. 1992); <u>see also</u> <u>Brown v. State Farm Fire and Cas. Co.</u>, 381 P.3d 597 (Nev. 2012).

In other words, a plaintiff may not successfully claim that an insurer breached an insurance policy where, as here, the plaintiff has failed to satisfy a coverage condition established within the policy itself.  <u>See, e.g.</u>, <u>Joseph v. Hartford Fire Ins. Co.</u>, No. 2:12-cv-798-JCM-CWH, 2014 WL 4829061, at *3 (D. Nev. Sept. 30, 2014); <u>Keys</u>, 2013 WL 3198397, at *3; <u>see also</u> <u>Las Vegas Metro. Police Dep't</u>, 256 P.3d at 962; <u>Schwartz v. State Farm Mut. Auto. Ins. Co.</u>, No. 2:07-cv-0060-KJD-LRL, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009) (holding that insured who failed to submit to independent medical

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

1
2
3
4
5
6

examination, as required by policy, was precluded from asserting claim that carrier breached policy).  In <u>Holland v. State Farm Mut. Auto. Ins. Co.</u>, for example, the court held that the plaintiff's failure to comply with the cooperation provision under the subject insurance policy barred the plaintiffs' lawsuit against State Farm, and further held that "his attempts during litigation to comply d[id] not cure the defect."  2014 WL 1268712, at *5.

7
8
9
10
11
12
13
14
15

Similarly, in this case, the relevant policies clearly and unambiguously provide that "no suit to recover any loss may be brought against us unless the terms of the Commercial Property Coverage have been fully complied with."  <u>See</u> Garin Decl., Ex. "B" at page 24; Ex. "C" at page 23; Ex. "D" at page 26.  One such term requires an insured to give Badger or its agent "prompt notice" of a loss, "including a description of the property involved."  <u>See</u> Garin Decl., Ex. "B" at page 37; Ex. "C" at page 35; Ex. "D" at page 33.  The Policy's express language therefore unambiguously requires that the insured provide "Notice" of a "Loss" to Badger as a condition precedent to filing suit under the Policies.

16
17
18
19
20
21
22

Here, however, Plaintiffs do not – and cannot – allege that they satisfied this condition precedent.  Perhaps recognizing this fatal deficiency, Plaintiffs attempt to distract the Court by suggesting that filing a claim is not necessary and that "the Court can render declaratory judgment no matter whether members of the Class have filed a claim."  <u>See</u> Garin Decl., Ex. "A" at ¶¶ 78, 97.  This assertion, however, is directly contrary to the unambiguous language of the policies, which requires Notice of a Loss to Badger, and is contrary to well-established Nevada law.

23
24
25

Given that the Complaint is devoid of any allegation that any Plaintiff complied with the material condition precedent of providing Notice to Badger of a Loss, Badger is entitled to dismissal of the Complaint in its entirety.

26      / / /
27      / / /
28      / / /

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     Plaintiffs Have Not Alleged Any Conduct Indicating that Badger Would Not or Could Not Substantially Perform Its Duties under the Policies**

Even if Plaintiffs had complied with the Notice of Loss condition precedent, which they did not, Plaintiffs' claims herein would nonetheless be subject to dismissal for failure to state a claim for anticipatory breach of contract.

In Nevada, an anticipatory breach is a breach of a contract that occurs when one party to the contract, without justification and prior to a breach by the other party, makes a statement or engages in conduct indicating that it will not or cannot substantially perform its duties under the contract.  See Shaw v. CitiMortgage, Inc., 201 F. Supp. 3d 1222, 1250 (D. Nev. 2016) (citing Kahle v. Kostiner, 85 Nev. 355, 455 P.2d 42, 44 (1969)); see also Stratosphere Litigation, L.L.C. v. Grand Casinos, 298 F.3d 1137, 1147 (9th Cir. 2002) (holding that an "[a]nticipatory repudiation occurs when a party through conduct or language makes a clear, positive and unequivocal declaration of an intent not to perform.").

Here, Plaintiffs vaguely allege that "many state departments of insurance have issued advisories to business owners that COVID-19 is not an insured peril and there will be no coverage for business interruption . . . to discourage business owners from filing claims."  See Garin Decl., Ex. "A" at ¶ 49.  Plaintiffs further allege in conclusory fashion that Badger "upon information and belief . . . is and has been denying coverage for any sort of business interruption claim arising from or relating to the COVID-19 pandemic without investigation into the individual circumstances of the claim."  Id. at ¶¶ 89, 105.  These threadbare, conclusory allegations, however, provide not one iota of fact indicating that Badger has not performed or will not substantially perform its duties under the Policies, much less announced the requisite clear, positive, and unequivocal declaration of an intent not to perform.  See Stratosphere Litigation, L.L.C., 298 F.3d at 1147.  Indeed, a plain reading of the Complaint reveals that, aside from Badger's issuance of the insurance policies to Plaintiffs, the Complaint is virtually devoid of any specific factual allegations of conduct by Badger, let alone any factual allegations regarding Badger's adjustment of business interruption and extra expense claims

relating to COVID-19.

Simply put, Plaintiffs' conclusory allegations are legally insufficient to allege a claim for anticipatory breach of contract and, as such, Plaintiffs' Second and Fourth Counts must be dismissed.  See Iqbal, 556 U.S. at 678, 681 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

C.    **Plaintiffs' Declaratory Judgment Claims Must be Dismissed Because the Declaratory Judgment Act Does Not Create New Substantive Rights**

Plaintiffs' First and Third Counts, seeking declaratory relief, must also be dismissed because the underlying anticipatory breach of contract claims fail and the Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts."  Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014).

The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  While the Declaratory Judgment Act allows federal courts to declare the rights and other legal relations of interested parties, see Nelson v. XL Am., Inc., 2:16–cv–00060–JAD–GWF, 2017 WL 4185461, at *7 (D. Nev. Sept. 21, 2017), it "does not create new substantive rights, but merely expands the remedies available in federal courts." Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014); see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) ("Stock West cites in its complaint the Declaratory Judgment Act, 28 U.S.C. § 2201, as a basis for jurisdiction.  But this Act only creates a remedy and is not an independent basis for jurisdiction.").  Indeed, "it is the underlying cause of action . . . that is actually litigated in a declaratory judgment

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

1    action."   <u>Shell Gulf of Mexico Inc</u>., 771 F.3d at 636 (citing <u>Collin Cnty., Tex. v.</u>

2    <u>Homeowners Ass'n for Values Essential to Neighborhoods</u>, 915 F.2d 167, 171 (5th Cir.

3    1990)).

4           Here, Plaintiffs seek a declaratory judgment declaring that the COVID-19

5    pandemic and the corresponding response by civil authorities to stop the spread of the

6    virus outbreak triggers coverage for Business Income and Extra Expense losses under

7    the policies, and that Badger is obligated to pay Plaintiffs for such losses "no matter

8    whether members of the Class have filed a claim."  <u>See</u> Garin Decl., Ex. "A" at ¶¶ 78,

9    80, 96, 98.    Since Plaintiffs' underlying claims for anticipatory breach of contract

10   (Counts Two and Four) fail for the reasons set forth above, however, Plaintiffs'

11   remaining claims for declaratory judgment (Counts One and Three) must also fail

12   because the Declaratory Judgment Act only creates a remedy for a substantive claim; it

13   does give rise to new substantive rights.  <u>See</u> <u>Shell Gulf of Mexico Inc</u>., 771 F.3d at 635.

14   As such, Plaintiffs' First and Third Counts for declaratory relief fail to state a claim upon

15   which relief can be granted and must be dismissed.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

## **CONCLUSION**

For the reasons set forth above, Badger respectfully request that the Court enter an order pursuant to the Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Complaint in its entirety, along with such other and further relief as this Court may deem just and proper.

DATED this 26th day of May, 2020.

LIPSON NEILSON P.C.

By:_____

JOSEPH P. GARIN , ESQ.
Nevada Bar No. 6653
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

RIVKIN RADLER LLP
MICHAEL A. TROISI, ESQ. (*Pro Hac Vice Pending*)
BRIAN L. BANK, ESQ. (*Pro Hac Vice Pending*)
926 RXR Plaza
Uniondale, NY 11556-0926

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th  day of  May, 2020, service of the foregoing **DEFENDANT BADGER MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS PROJECT LION LLC, PROJECT M LLC, AND PROJECT W LLC'S COMPLAINT** was made upon each party in the case who is registered as an electronic case filing user with the Clerk, pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-4, as follows:

David C. O'Mara, Esq.
The O'Mara Law Firm, P.C.
311 E. Liberty Street
Reno, NV 89501
david@omaralaw.net

James E. Cecchi, Esq.
Lindsey H. Taylor, Esq.
CARELLA, BYRNE, CECCHI OLSTEIN,
BRODY & ANGELLO
5 Becker Farm Rd.
Roseland, NJ 07068

Christopher A. Seeger, Esq.
Stephen A. Weiss, Esq.
SEEGER WEISS
77 Water Street, 8th Floor
New York, NY 10005

Samuel H. Rudman, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Rd., Suite 200
Melville, NY 11747
srudman@rgrdlaw.com

Paul J. Geller, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Park Rd., Suite 500
Boca Raton, FL 33432
e_file_fl@csgrr.com

*Attorneys for Plaintiffs*

*/s/ Kim Glad*

An employee of
Lipson Neilson P.C.

Lipson Neilson P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512